# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 1:21-cv-02859 |
| ANTHONY CAINE, ANISH PARVATANENI, LJM FUNDS MANAGEMENT, LTD., and LJM PARTNERS, LTD., | Honorable Keri Holleb Hotaling |
| Defendants. | |

## SEC'S UNOPPOSED MOTION FOR ENTRY OF CONSENT JUDGMENTS

Plaintiff United States Securities and Exchange Commission ("SEC") hereby moves the Court to enter the Final Judgments submitted herewith. The SEC and Defendants Anthony Caine ("Caine"), Anish Parvataneni ("Parvataneni"), LJM Funds Management, Ltd. ("LJMFM"), and LJM Partners Ltd. ("LJM Partners") (collectively, "Defendants") have reached a settlement in this matter, and each Defendant has consented to entry of the proposed Final Judgments. In support of this motion, the SEC states as follows:

## BACKGROUND

1. On May 27, 2021, the SEC filed its Complaint against Defendants, alleging various violations of the federal securities laws.

2. On February 20, 2025, the parties consented to have this matter reassigned to a Magistrate Judge. (ECF No. 154). On March 5, 2025, this matter was reassigned to the Honorable Holleb Hotaling for all further proceedings pursuant to L.R. 73.1. (ECF No. 157).

3. The SEC and Defendants have reached a settlement in this case. Attached hereto as **Exhibit 1** is the executed Consent of Defendants Caine, LJMFM, and LJM Partners. Attached hereto as **Exhibit 2** is the executed Consent of Defendant Parvataneni. The Consents set forth the terms of the parties' settlement.

4. Attached hereto as **Exhibit 3** is the proposed Final Judgment to which Defendants Caine, LJMFM, and LJM Partners have agreed. Attached hereto as **Exhibit 4** is the proposed Final Judgment to which Defendant Parvataneni has agreed. The Defendants' Consents stipulate to the entry of the Final Judgments.

5. Together, the Final Judgments:

   a. Permanently enjoin each Defendant from future violations of certain of the securities laws charged in the Complaint;[1]

   b. Order LJMFM, LJM Partners, and Caine, jointly and severally with each LJM entity, to pay a total of $3,288,030 in disgorgement and $1,336,241 in prejudgment interest;

   c. Order Caine to pay a civil monetary penalty of $500,000;

   d. Order Parvataneni to pay $512,725 in disgorgement, $208,368 in prejudgment interest, and a civil monetary penalty of $200,000; and

   e. Enjoin Caine, for a period of three years, and Parvataneni, for a period of one year, from managing or advising on securities investments for, or acting as or being associated with an investment adviser to, any third-party, except for their wives and children.

---

[1] Following the conclusion of the parties' settlement conference, the SEC has elected to forgo seeking a permanent injunction against Defendant Parvataneni pertaining to future violations of Section 15(c) of the Investment Company Act of 1940 (Count VII). Parvataneni has consented to the SEC's proposed modification. All other terms of the parties' settlement agreements remain the same.

6. The Final Judgments (and incorporated Consents) set forth Defendants' obligations with respect to paying the above listed amounts and provide that this Court will retain jurisdiction over this matter for the purposes of enforcing the Final Judgments and Consents.

7. If entered, the Final Judgments will completely resolve all claims in this case.

## APPROVAL OF SETTLEMENT TERMS

8. Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.,* 752 F.3d 285, 294 (2d Cir. 2014). Factors to be considered include (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind. *Id.* at 294-95 (internal citations omitted).

9. Given the allegations in the Complaint, which Defendants neither admit nor deny, the relief set forth in paragraph 5 is a fair and reasonable resolution of this matter. Disgorgement and civil penalties are remedies legally permitted in SEC enforcement actions. *See* 15 U.S.C. §78u(d)(3), (d)(7). The terms of the proposed Final Judgments are clear and the product of arms-length negotiations. Entry of the Proposed Judgments will further the interests of justice and judicial economy by fully resolving this case.

10. In their Consents, Defendants agree that the SEC "may present the [proposed] Final Judgment to the Court for signature and entry without further notice." (Ex. 1, ¶ 14; Ex. 2, ¶ 14).

WHEREFORE, the SEC respectfully requests that the Court grant this Motion and enter the proposed Final Judgments attached hereto. The SEC has also submitted the proposed Final Judgments via email to: Proposed_Order_HollebHotaling@ilnd.uscourts.gov.

Dated: June 23, 2025

/s/   Kevin A. Wisniewski
Michael D. Foster (fostermi@sec.gov)
Kevin A. Wisniewski (wisniewskik@sec.gov)
Robert M. Moye (moyer@sec.gov)
Jake Schmidt (schmidtj@sec.gov)
Marlene Key-Patterson (keym@sec.gov)
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois 60604
(312) 353-7390

*Attorneys for Plaintiff U.S. Securities and Exchange Commission*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2025, I served a true and correct copy of the foregoing filing on all counsel of record through the Court's ECF filing system.

**/s/ Kevin A. Wisniewski**
Kevin A. Wisniewski